Filed 9/9/20  P. v. Sims CA2/2

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>v.<br><br>DWAYNE CRAIG SIMS,<br><br>        Defendant and Appellant. | B305397<br><br>(Los Angeles County<br>Super. Ct. No. VA113835) |

THE COURT:

Defendant and appellant Dwayne Craig Sims (defendant) appealed from an order denying his motion for resentencing.  His appointed counsel filed a brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*), raising no issues.  On June 16, 2020, we notified defendant of his counsel's brief and gave him leave to file, within 30 days, his own brief or letter stating any grounds or argument he might wish to have considered.  On July 2, 2020, defendant filed a letter requesting withdrawal of his appeal.

In 2010, pursuant to a plea agreement, defendant pled guilty to six felonies. He admitted two prior strike convictions (Pen. Code, §§ 667 & 1170.12).[1] In September 2010, after further negotiation with the prosecution, defendant withdrew his plea to all but one burglary count, and the remaining five counts were dismissed. The trial court sentenced defendant to a term of 25 years to life in prison, plus a consecutive five years (§ 667, subd. (a)(1)), for a total prison term of 30 years to life. The judgment was affirmed in 2011. (See *People v. Sims* (Oct. 26, 2011, B229836) [nonpub opn.].) No further appeal was taken from the judgment.

In 2018, the Legislature passed Senate Bill No. 1393, which amended sections 667 and 1385 to give trial courts discretion to strike recidivist enhancements for prior serious felony convictions imposed under section 667, subdivision (a). (See Stats. 2018, ch. 1013.) The amendments applied retroactively to all affected judgments which were not yet final on the legislation's effective date of January 1, 2019. (*People v. Garcia* (2018) 28 Cal.App.5th 961, 973.) In January 2020, defendant filed a pro se motion in the trial court, requesting the court to recall his sentence and to exercise its discretion under Senate Bill No. 1393. On January 31, 2020, the trial court denied the motion since defendant's judgment was final. Defendant filed a timely notice of appeal from the court's order, before requesting withdrawal of his appeal.

As defendant's appeal was from the denial of postjudgment relief, and neither counsel nor defendant has identified any

---

[1]     All further statutory references are to the Penal Code, unless otherwise indicated.

arguable issues, we grant defendant's request to withdraw his appeal.

The appeal is dismissed.

<u>NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS</u>.

_____

LUI, P.J.          ASHMANN-GERST, J.          CHAVEZ, J.